## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA SEGUI, | |
| Plaintiff, | |
| v. | |
| SOLAR MOSAIC, LLC, | Case No. 1:24-CV-00968-ER |
| And | |
| MPOWER ENERGY, LLC d/b/a MPOWER SOLAR, LLC, | |
| Defendants. | |

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Plaintiff Ana Segui and Defendants Solar Mosaic LLC and MPower Energy, LLC d/b/a MPower Solar, LLC (collectively, the "Parties," individually, a "Party") request that the Court enter the following Confidentiality Stipulation and Protective Order (the "Order") pursuant to Federal Rule of Civil Procedure 26(c) to govern the exchange and use of certain documents and other materials that the Parties regard as confidential.

**WHEREAS**, the Parties have recognized and agreed that the above-captioned case (the "Litigation") will or may require the disclosure of information considered by the disclosing Party or non-party to be confidential; and

**WHEREAS**, the Parties wish to agree on a reasonable means of protecting such information deemed as confidential from being placed on the public record or being disclosed to third parties; and

**WHEREAS**, good cause exists for entry of this Order;

**IT IS HEREBY STIPULATED AND AGREED**, by and among the undersigned counsel for the above-captioned Parties as follows:

1.      This Order governs the handling of confidential information contained in documents, deposition testimony and deposition exhibits, trial testimony, interrogatory responses, answers to requests for admissions, and other discovery devices and materials ("Discovery Material") produced by, or obtained from, or relating to any of the Parties.

2.      Discovery Material may be designated as either "Confidential" or "Highly Confidential" (both as defined below) by prominently marking the same or, if this is not practicable, by advising opposing counsel of such designation in writing.

3.      "Confidential" or "Confidential Information," as used herein, comprises or contains information that the designating Party or non-party reasonably claims in good faith constitutes or relates to confidential information of the Party or a third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material, and other information or items agreed upon by the parties or permitted by the Court, including but not limited to: medical and personal financial information, private personnel information, trade secrets, commercially sensitive or otherwise confidential financial, business, commercial, research, development, technical, strategic and/or other proprietary business information. This term does not include any documents, tangible things, or information that is available in the public domain.

4.      "Highly Confidential" or "Highly Confidential Information," as used herein, comprises or contains information that the designating Party or non-party reasonably claims in good faith is highly confidential or personally, commercially, or competitively sensitive, the disclosure of which to persons other than those set forth in Paragraph 9 below could reasonably be expected to result in injury to the producing Party or non-party, including without limitation, trade secrets, future business or marketing plans, sensitive financial information or forecasts,

information pertaining to any Party's suppliers or customers, personal information, and other information or items agreed upon by the parties or permitted by the Court.

5.     All depositions shall presumptively be treated as Highly Confidential and subject to this Stipulation and Order during the deposition and for a period of thirty (30) days (or until a designation is made by counsel, if such a designation is made in a shorter period of time) after an official transcript of such deposition is received by counsel for each of the Parties. In addition, any Party may, on the record of a deposition, designate all or any portion thereof, including exhibits, as Confidential or Highly Confidential under the terms of this Order. At or before the end of the thirty (30) day period, the deposition or any portion thereof may be designated Confidential or Highly Confidential by notice to the non-designating Party in writing specifying by page and line number, or exhibit number (including the portion of the exhibit specifically designated) to be designated. All copies, or parts thereof, of deposition transcripts and exhibits that contain confidential matter shall be prominently marked "Confidential" or "Highly Confidential", as may be the case, on the cover thereof, and on every page so designated.

6.     Discovery Material designated as "Confidential" or "Highly Confidential" shall be used by the recipient of such Discovery Material solely for the purpose of the Litigation, including in the preparation for trial, at trial and/or in connection with any appeal of the Litigation. The Discovery Material so designated shall not be used for any other purpose by any of the Parties outside of the Litigation in any form whatsoever.

7.     A Party may designate as "Confidential" or "Highly Confidential," subject to this Stipulation and Order, any Discovery Material produced or given by any non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as "Confidential" or "Highly

Confidential" at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions that are to be stamped or otherwise treated as "Confidential" or "Highly Confidential" at any time up to thirty (30) days after the official transcript is received by counsel for the designating Party. Prior to the expiration of such period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents should be treated as "Confidential."

8.      Discovery Material marked "Confidential" shall be produced to the Parties' attorneys of record, who shall not disclose or permit disclosure of the Discovery Material, or the contents thereof, except to the following persons:

a)      the Parties to the Litigation as well as their employees, officers or board members;

b)      counsel for the Parties to the Litigation (outside counsel and in-house counsel), and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of the Litigation for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c)      expert witnesses or consultants and their employees, retained by the Parties or their counsel to furnish technical or expert services in connection with the Litigation or to give testimony with respect to the subject matter of the Litigation at the trial of the Litigation or other proceeding herein; provided, however, that such Confidential Information is furnished, shown, or

disclosed only after these witnesses or consultants have signed the undertaking annexed hereto as Appendix A;

d) persons who have been retained by a Party to provide translation or interpretation from one language to another;

e) litigation support vendors retained by counsel for such functions as document collection, processing, management, coding, hosting, or storage and photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, audio and/or video productions or other exhibits for deposition or trial or other court proceedings;

f) mediators or similar dispute resolution providers and their staffs enlisted by the Court or the Parties to assist in the resolution of this matter; provided, however, that such Confidential Information is furnished, shown, or disclosed only after these persons have signed the undertaking annexed hereto as Appendix A;

g) insurers, accountants, auditors, or regulators to whom a Party may be required to respond or report in its ordinary course of business regarding the Litigation or proceedings arising out of or related to the Litigation;

h) the Court and court personnel, if filed in accordance with Paragraph 12 hereof;

i) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

j)        witnesses testifying in a deposition or hearing (a) when the examining attorney has a good faith basis to believe the witness is the author and/or received the particular Confidential Information sought to be disclosed; (b) who are current employees, attorneys, directors, officers, or agents of a Party, or a corporate designee of a Party under Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (c) who are former employees, attorneys, directors, officers, or agents of a Party who, at the time of their employment or other relationship with the Party, the Confidential Information was in existence and the witness had access to such Confidential Information;

k)        any other person agreed to by the Parties, provided, however, that such Confidential Information is furnished, shown, or disclosed only after these persons have signed the undertaking annexed hereto as Appendix A.

9.      Discovery Material marked "Highly Confidential" shall be produced to the Parties' attorneys of record, who shall not disclose or permit disclosure of the Discovery Material, or the contents thereof, except to the persons set forth in Paragraph 8(b)-(i) and (k), or 8(j) only when the examining attorney has a good faith basis to believe the witness is the author and/or received the particular Highly Confidential Information sought to be disclosed. Each person to whom Discovery Material marked "Confidential" or "Highly Confidential" or the contents thereof is to be disclosed pursuant to this Order and who is required pursuant to the foregoing provisions to execute Appendix A, shall agree to the following:

a)        that such person has read a copy of this Order and agrees to be bound thereby;

b)    that such person will not disclose such Discovery Material marked "Confidential," or "Highly Confidential" or the contents thereof to any person not entitled thereto under this Order; and

c)    that such person will not use such Discovery Material marked "Confidential" or "Highly Confidential" or the contents thereof except in connection with the Litigation.

10.    Counsel for Parties who has disclosed the Discovery Material marked "Confidential" and/or "Highly Confidential" to such persons required to agree to this Stipulation by signing Appendix A hereto must maintain copies of these signed agreements through the pendency of this Litigation.

11.    This Order shall not be construed to prevent any Parties from making copies of any Discovery Material marked "Confidential" or "Highly Confidential." However, all such copies shall be subject to the provisions of this Order.

12.    Should the need arise for any of the Parties to disclose Discovery Material marked "Confidential" or "Highly Confidential" during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such designated material. In the event either of the Parties desires for such Discovery Material marked "Confidential" or "Highly Confidential" to be filed under seal, that Party shall make such request pursuant to Rule 3 of the Individual Practices and Rules of Judge Edgardo Ramos, U.S.D.J. (the "Individual Practices and Rules"), the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), and the Federal Rules of Civil Procedure.

13.    The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as "Confidential" or "Highly Confidential" and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court, and the burden to show that any Discovery Material is deserving of sealing remains on the Party that produced the Discovery Material at issue. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as "Confidential" or "Highly Confidential." In filing Discovery Material marked "Confidential" or "Highly Confidential" with the Court, or filing portions of any pleadings, motions, or other papers that disclose such Discovery Material, the Parties shall follow Rule 3.i of the Individual Practices and Rules and F.R.C.P. 5.2(a).

14.    Each person who received any Discovery Material designated as "Confidential" or "Highly Confidential" hereby agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

15.    A Party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to the Litigation disagrees at any stage of these proceedings with any designation, such Party shall provide to the producing Party written notice of its disagreement with the designation. The Parties shall first meet and confer on the issue. If the dispute cannot be resolved within ten (10) days of the date of receipt of the written notice, or if the producing Party does not respond to the written notice within that time frame, or if the circumstances require a quicker resolution, the Party objecting to the Confidential status of any information may bring the discovery dispute to the Court for an order re-classifying the particular Discovery Material. The burden of establishing that

information has been properly designated as "Confidential" or "Highly Confidential" is on the Party making such designation and all designations shall be made on a document-by-document basis to avoid over-designation. Discovery Material designated as "Confidential" or "Highly Confidential" shall be treated as so designated unless and until the Court directs or the Parties agree otherwise.

16.    The inadvertent production of "Confidential" or "Highly Confidential" Discovery Material without designation shall not be deemed a waiver of the Discovery Materials' confidentiality. Any Discovery Material that has been inadvertently produced without designation may be so designated by the Party asserting its confidentiality by written notice to counsel for the receiving Party identifying the Discovery Material as "Confidential" or "Highly Confidential" within a reasonable time following the discovery that the Discovery Material has been produced without such designation. The Party that received the inadvertently produced Discovery Material shall promptly make all reasonable and necessary efforts to obtain the return of and preclude dissemination or use of the "Confidential" information or "Highly Confidential" information. If the "Confidential" or Highly Confidential" information already was disseminated, the receiving Party agrees to promptly notify the producing Party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps that have been taken and will be taken to  seek return of and preclude further dissemination or use of the "Confidential" or "Highly Confidential" information.

17.    The Parties also agree that if a producing Party inadvertently produces or provides discovery that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege or protection from disclosure, the Parties will abide by Federal Rule of Civil Procedure 26(b)(5)(B).

18.     In the event anyone, including the Parties, shall violate, or threaten to violate, any terms of this Order, the Parties hereto agree that the aggrieved Party may immediately apply to obtain an order of the Court against such action.

19.     The Parties have the right to designate as "Confidential" or "Highly Confidential" any documents produced prior to the execution of this Order, and the provisions of this Order shall apply to such documents so designated.

20.     Extracts and summaries of Discovery Material designated as "Confidential" or "Highly Confidential," or discrete portions thereof, shall also be treated as "Confidential" or "Highly Confidential," respectively, in accordance with this Stipulation and Order.

21.     This Stipulation and Order is entered into without prejudice to the right of the Parties to seek relief from, or modification of, this Stipulation and Order or any provisions thereof by properly noticed motion to the Court, or by agreement among the Parties. Nothing herein shall prevent any Party from challenging any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

22.     Nothing herein shall be deemed an admission as to the admissibility in evidence of any of the Discovery Materials.

23.     In the event additional persons become parties to the Litigation, they shall not have access to Discovery Material marked "Confidential" or "Highly Confidential" produced by, or obtained by, any Parties to the Litigation until the newly joined Party, by its counsel, has executed and filed with the Court a copy of this Order.

24.     Subject to the applicable Rules of Professional Conduct, within sixty (60) days of the termination of the Litigation by settlement or exhaustion of all appeals, all Discovery Material marked "Confidential" or "Highly Confidential," and copies thereof, shall be returned to counsel

for the producing Party or such Discovery Material shall be certified in writing to have been destroyed, at the option of the producing Party.

25.    This Stipulation and Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation and Order shall prohibit or interfere with the ability of counsel for any Party, or of experts specifically retained for this Litigation, to represent any individual, corporation, or other entity adverse to any Party in connection with any other matters.

26.    The Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violation thereof.

Dated: September _____, 2024

By:  _/s/_____
Kalama M. Lui-Kwan, Esq.
Ethan G. Ostroff, Esq. (admitted *pro hac vice*)
Erin E. Edwards, Esq. (admitted *pro hac vice*)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
227 W. Monroe Street, Suite 3900
Chicago, IL 60606
(312) 759-1920
*Attorneys for Defendant Solar Mosaic LLC*

By:  _/s/_____
Andrew M. Milz, Esq.
FLITTER MILZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
Telephone: (610) 822-0782
E-mail: amilz@consumerslaw.com
*Attorneys for Plaintiff Ana Segui*

By: _/s/_____
    David G. Combs, Esq.
    MPOWER ENERGY LLC.
    24 Hillel Place
    Brooklyn, NY 11210
    Telephone: (347) 378-5628
    E-mail: DavidC@mpowerenergy.com
    *Attorneys for Defendant MPower Energy*

SO ORDERED:

_____
Hon. Edgardo Ramos, U.S.D.J.

Dated:  New York, New York
        _October 11_____, 2024

## APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA SEGUI, | |
| Plaintiff, | |
| v. | |
| SOLAR MOSAIC, LLC, | Case No. 1:24-CV-00968-ER |
| And | |
| MPOWER ENERGY, LLC d/b/a MPOWER SOLAR, LLC, | |
| Defendants. | |

I, _____, hereby agree that: (a) I have read a copy of the Confidentiality Stipulation and Order in the above-captioned case, and agree to be bound thereby; (b) I will not disclose any "Confidential" or "Highly Confidential" Discovery Material, or the contents thereof, to which I have become privy, to any person not entitled thereto, under the terms of the Confidentiality Stipulation and Order; and (c) I will not use such "Confidential" or "Highly Confidential" Discovery Material, or the contents thereof, except in connection with this Litigation.

Dated: _____        Name: _____

Title: _____

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on _____, a copy of the foregoing

**Confidentiality Stipulation And Protective Order** was filed electronically.  Notice of this filing

will be sent by e-mail to all parties of record by operation of the Court's electronic filing system

or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic

Filing.  Parties may access this filing through the Court's CM/ECF system.


By:  */s/ Erin E. Edwards*_____
      Erin E. Edwards