**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANA SEGUI,<br><br>Plaintiff,<br><br>v.<br><br>SOLAR MOSAIC, LLC<br><br>and<br><br>MPOWER ENERGY, LLC d/b/a<br>MPOWER SOLAR, LLC<br><br>and<br><br>MOSAIC FUNDING X, LLC<br><br>Defendants. | Case No. 1:24-cv-00968-ER<br><br>**ANSWER AND<br>AFFIRMATIVE DEFENSES<br>TO THE<br>FIRST AMENDED COMPLAINT** |

**DEFENDANT MPOWER ENERGY, LLC d/b/a MPOWER SOLAR, LLC's**
**ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant Mpower Energy, LLC d/b/a Mpower Solar, LLC ("Defendant" or "Mpower"), by and through its undersigned counsel, submits the following Answer to the First Amended Complaint filed on January 16, 2025 by Plaintiff Ana Segui [Doc. 95].

Without waiving Mpower's motion to compel arbitration, as filed with the Court on November 21, 2024 [Docs. 57-60, 69], Mpower states in response to the First Amended Complaint as follows:

Mpower denies, generally and specifically, any and all allegations in the First Amended Complaint not specifically admitted in the paragraphs below. Mpower further states that its investigation of the present matter is ongoing. Accordingly, Mpower reserves the right to amend

this Answer. Mpower denies any and all allegations contained in the headings in the First Amended Complaint. Mpower further denies any and all allegations in the First Amended Complaint to the extent they are directed to any defendant(s) other than Mpower, including allegations directed to "Defendants" collectively, to the extent such allegations are direct to any defendant(s) other than Mpower.

In response to the separately numbered paragraphs in the First Amended Complaint, Mpower states as follows:

## I. INTRODUCTION

1. The allegations in Paragraph 1 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 1 of the First Amended Complaint are denied.

2. Mpower denies the allegations in Paragraph 2 of the First Amended Complaint.

3. The allegations in Paragraph 3 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 3 of the First Amended Complaint are denied.

4. Mpower denies the allegations in Paragraph 4 of the First Amended Complaint.

5. Mpower denies the allegations in Paragraph 5 of the First Amended Complaint.

6. Mpower denies the allegations in Paragraph 6 of the First Amended Complaint.

7. Mpower denies the allegations in Paragraph 7 of the First Amended Complaint.

8. The allegations in Paragraph 8 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 8 of the First Amended Complaint are denied.

9. The allegations in Paragraph 9 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 9 of the First Amended Complaint are denied.

## II. JURISDICTION

10. The allegations in Paragraph 10 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 10 of the First Amended Complaint are denied.

11. The allegations in Paragraph 11 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 11 of the First Amended Complaint are denied.

12. The allegations in Paragraph 12 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 12 of the First Amended Complaint are denied.

## III. PARTIES

13. Mpower lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the First Amended Complaint and therefore denies the same.

14. Mpower lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the First Amended Complaint and therefore denies the same.

15. Mpower lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the First Amended Complaint and therefore denies the same.

16. Mpower denies the allegations in Paragraph 16 of the First Amended Complaint.

17. Mpower denies the allegations in Paragraph 17 of the First Amended Complaint.

18. Mpower admits the allegations in Paragraph 18 of the First Amended Complaint.

19. Mpower lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the First Amended Complaint and therefore denies the same.

20. Mpower lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the First Amended Complaint and therefore denies the same.

21. Mpower lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the First Amended Complaint and therefore denies the same.

22. To the extent the allegations in Paragraph 22 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 22 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 22 of the First Amended Complaint.

23. To the extent the allegations in Paragraph 23 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 23 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 23 of the First Amended Complaint.

24. To the extent the allegations in Paragraph 24 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 24 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 24 of the First Amended Complaint.

25. To the extent the allegations in Paragraph 25 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 25 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 25 of the First Amended Complaint.

26. To the extent the allegations in Paragraph 26 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 26 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 26 of the First Amended Complaint.

## IV. STATEMENT OF CLAIM[1]

25. Mpower lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Second Paragraph 25 of the First Amended Complaint, and therefore denies the same, except admits that Ana Segui was solicited in Bronx, NY in or about March 2023.

26. To the extent the allegations in Paragraph 26 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 26 of the First Amended Complaint are directed at Mpower, Mpower admits that Klevis Vulaj was employed by Mpower.

27. Mpower denies the allegations in Paragraph 27 of the First Amended Complaint except admits that a salesman told Plaintiff that there were federal and local incentives to help save on electric bills.

28. Mpower denies the allegations in Paragraph 28 of the First Amended Complaint.

29. Mpower denies the allegations in Paragraph 29 of the First Amended Complaint, except admits that Ms. Segui signed a contract with Mpower.

[1] The First Amended Complaint slightly misnumbers paragraphs following Paragraph 26. Mpower adopts the numbering of paragraphs indicated in the First Amended Complaint.

30. To the extent the allegations in Paragraph 30 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 30 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 30 of the First Amended Complaint.

31. To the extent the allegations in Paragraph 31 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 31 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 31 of the First Amended Complaint.

32. Mpower lacks information or knowledge sufficient to form a belief or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the First Amended Complaint, and therefore denies the same.

33. Mpower denies the allegations in Paragraph 33 of the First Amended Complaint.

34. Mpower denies the allegations in Paragraph 34 of the First Amended Complaint.

35. To the extent the allegations in Paragraph 35 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 35 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 35 of the First Amended Complaint.

36. Mpower denies the allegations in Paragraph 36 of the First Amended Complaint.

37. To the extent the allegations in Paragraph 37 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 37 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 37 of the First Amended Complaint, except admits that solar panels were installed on Plaintiff's home.

38. Mpower lacks information or knowledge sufficient to form a belief or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the First Amended Complaint and therefore denies the same.

39. To the extent the allegations in Paragraph 39 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 39 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 39 of the First Amended Complaint.

40. To the extent the allegations in Paragraph 40 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 40 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 40 of the First Amended Complaint.

41. To the extent the allegations in Paragraph 41 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 41 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 41 of the First Amended Complaint.

42. To the extent the allegations in Paragraph 42 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 42 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 42 of the First Amended Complaint.

43. To the extent the allegations in Paragraph 43 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 43 of the First Amended Complaint are directed at Mpower, Mpower lacks information or knowledge sufficient to form a belief or knowledge sufficient to form a belief

as to the truth of the allegations in Paragraph 43 of the First Amended Complaint, and therefore denies the same.

44. Mpower lacks information or knowledge sufficient to form a belief or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the First Amended Complaint and therefore denies the same.

45. Mpower lacks information or knowledge sufficient to form a belief or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the First Amended Complaint and therefore denies the same.

46. Mpower lacks information or knowledge sufficient to form a belief or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the First Amended Complaint and therefore denies the same.

47. To the extent the allegations in Paragraph 47 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 47 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 47 of the First Amended Complaint.

48. To the extent the allegations in Paragraph 47 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 48 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 48 of the First Amended Complaint.

49. To the extent the allegations in Paragraph 49 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 49 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 49 of the First Amended Complaint.

50. To the extent the allegations in Paragraph 50 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 50 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 50 of the First Amended Complaint.

51. To the extent the allegations in Paragraph 51 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 51 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 51 of the First Amended Complaint.

## COUNT I
## FAIR CREDIT REPORTING ACT

52. Mpower incorporates its answers to all previous paragraphs as though repeated herein.

53. To the extent the allegations in Paragraph 53 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 53 of the First Amended Complaint are directed at Mpower, the allegations in Paragraph 53 state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 53 of the First Amended Complaint are denied.

54. To the extent the allegations in Paragraph 54 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 54 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 54 of the First Amended Complaint, including subsections a. thorough f. Mpower lacks information or knowledge sufficient to form a belief as

to the truth of the remaining allegations in Paragraph 54 of the First Amended Complaint, and therefore denies the same.

55. To the extent the allegations in Paragraph 55 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 55 of the First Amended Complaint are directed at Mpower, the allegations in Paragraph 55 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 55 of the First Amended Complaint are denied.

Mpower further denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" Paragraph, including subsections a. through g.

**COUNT II**
**TRUTH IN LENDING ACT**
**(Against Solar Mosaic)**

56. Mpower incorporates its answers to all previous paragraphs as though repeated herein.

57. The allegations in Paragraph 57 of the First Amended Complaint are directed at parties other than Mpower; thus, no response from Mpower is required. Further, the allegations in Paragraph 57 of the First Amended Complaint state legal conclusions or statements of law as to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 57 of the First Amended Complaint are denied.

58. The allegations in Paragraph 58 of the First Amended Complaint are directed at parties other than Mpower; thus, no response from Mpower is required. Further, the allegations in Paragraph 58 of the First Amended Complaint state legal conclusions or statements of law as to which no response is required. In the event a response is deemed to be required, the allegations in

Paragraph 58 of the First Amended Complaint are denied.

59. The allegations in Paragraph 59 of the First Amended Complaint are directed at parties other than Mpower; thus, no response from Mpower is required. Further, the allegations in Paragraph 59 of the First Amended Complaint state legal conclusions or statements of law as to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 59 of the First Amended Complaint are denied.

60. The allegations in Paragraph 60 of the First Amended Complaint are directed at parties other than Mpower; thus, no response from Mpower is required. Further, the allegations in Paragraph 60 of the First Amended Complaint state legal conclusions or statements of law as to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 60 of the First Amended Complaint are denied.

61. The allegations in Paragraph 61 of the First Amended Complaint are directed at parties other than Mpower; thus, no response from Mpower is required. Further, the allegations in Paragraph 61 of the First Amended Complaint state legal conclusions or statements of law as to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 61 of the First Amended Complaint are denied.

Mpower further denies Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" Paragraph, including subsections a. through f.

## COUNT III
## NEW YORK GEN. BUS. LAW § 349

62. Mpower incorporates its answers to all previous paragraphs as though repeated herein.

63. To the extent the allegations in Paragraph 63 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the

allegations of Paragraph 63 of the First Amended Complaint are directed at Mpower, the allegations in Paragraph 63 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 63 of the First Amended Complaint are denied.

64. The allegations in Paragraph 64 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 64 of the First Amended Complaint are denied.

65. To the extent the allegations in Paragraph 65 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 65 of the First Amended Complaint are directed at Mpower, the allegations in Paragraph 65 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 65 of the First Amended Complaint are denied.

66. To the extent the allegations in Paragraph 66 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 66 of the First Amended Complaint are directed at Mpower, the allegations in Paragraph 66 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 66 of the First Amended Complaint are denied.

67. To the extent the allegations in Paragraph 67 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 67 of the First Amended Complaint are directed at Mpower, the allegations in Paragraph 67 of the First Amended Complaint state legal conclusions or statements

of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 67 of the First Amended Complaint are denied to the extent that they are directed against Mpower.

68. The allegations in Paragraph 68 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 68 of the First Amended Complaint are denied to the extent that they are directed against Mpower.

69. The allegations in Paragraph 69 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 69 of the First Amended Complaint are denied to the extent that they are directed against Mpower.

70. To the extent the allegations in Paragraph 70 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 70 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 70 of the First Amended Complaint.

71. To the extent the allegations in Paragraph 71 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 71 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 71 of the First Amended Complaint to the extent that they are directed against Mpower.

72. To the extent the allegations in Paragraph 72 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 72 of the First Amended Complaint are directed at Mpower, Mpower

denies the allegations in Paragraph 72 of the First Amended Complaint.

73. To the extent the allegations in Paragraph 73 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 73 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 73 of the First Amended Complaint, including subsections a through g.

74. To the extent the allegations in Paragraph 74 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 74 of the First Amended Complaint are directed at Mpower, the allegations in Paragraph 74 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 74 of the First Amended Complaint are denied.

75. To the extent the allegations in Paragraph 75 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 75 of the First Amended Complaint are directed at Mpower, the allegations in Paragraph 75 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 75 of the First Amended Complaint are denied.

76. To the extent the allegations in Paragraph 76 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 76 of the First Amended Complaint are directed at Mpower, the allegations in Paragraph 76 of the First Amended Complaint state legal conclusions or statements

of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 76 of the First Amended Complaint are denied.

Mpower further denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" Paragraph, including subsections a. through h.

**COUNT IV**
**NEW YORK GEN. BUS. LAW § 770 et seq.**
**(Against MPower)**

77. Mpower incorporates its answers to all previous paragraphs as though repeated herein.

78. Mpower denies the allegations in Paragraph 78 of the First Amended Complaint.

79. The allegations in Paragraph 79 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 79 of the First Amended Complaint are denied.

80. The allegations in Paragraph 80 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 80 of the First Amended Complaint are denied.

81. Mpower denies the allegations in Paragraph 81 of the First Amended Complaint.

82. Mpower denies the allegations in Paragraph 82 of the First Amended Complaint.

83. The allegations in Paragraph 83 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 83 of the First Amended Complaint are denied.

84. The allegations in Paragraph 84 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 84 of the First Amended Complaint are denied.

85. Mpower denies the allegations in Paragraph 85 of the First Amended Complaint.

86. Mpower denies the allegations in Paragraph 86 of the First Amended Complaint.

87. To the extent the allegations in Paragraph 87 of the First Amended Complaint are directed at parties other than Mpower, no response from Mpower is required. To the extent the allegations of Paragraph 87 of the First Amended Complaint are directed at Mpower, Mpower denies the allegations in Paragraph 87 of the First Amended Complaint.

88. Mpower denies the allegations in Paragraph 88 of the First Amended Complaint.

89. The allegations in Paragraph 89 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in 89 of the First Amended Complaint are denied.

Mpower further denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" Paragraph, including subsections g. through m.

**COUNT V**
**FRAUDULENT CONCEALMENT/NONDISCLOSURE**

90. Mpower incorporates its answers to all previous paragraphs as though repeated herein.

91. Mpower denies the allegations in Paragraph 91 of the First Amended Complaint to the extent that they are directed against Mpower. Mpower lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 of the First Amended Complaint, and therefore denies the same.

92. Mpower denies the allegations in Paragraph 92 of the First Amended Complaint to the extent that they are directed against Mpower. Mpower lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 of the First

Amended Complaint, and therefore denies the same.

93. Mpower denies the allegations in Paragraph 93 of the First Amended Complaint to the extent that they are directed against Mpower. Mpower lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 of the First Amended Complaint, and therefore denies the same.

94. The allegations in Paragraph 94 of the First Amended Complaint state legal conclusions or statements of law to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 94 of the First Amended Complaint are denied.

Mpower further denies Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" Paragraph, including subsections a. through f.

## II. Demand for Jury Trial

Mpower admits that Plaintiff demands a trial by jury.

## ADDITIONAL DEFENSES

Mpower hereby sets forth the following additional defenses to the First Amended Complaint. By asserting the following additional defenses, Mpower does not allege or admit that they are affirmative defenses as to which it has the burden of proof and/or the burden of persuasion.

Mpower currently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Accordingly, Mpower reserves the right to amend its Answer and/or assert additional defenses, counterclaims, cross-claims, or third-party claims.

**FIRST ADDITIONAL DEFENSE**
**(Failure to State a Claim)**

Plaintiff's claims fail to the extent that the First Amended Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Mpower and fails to state sufficient facts to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Mpower, and therefore must be dismissed as against Mpower.

**SECOND ADDITIONAL DEFENSE**
**(Documentary Evidence)**

Plaintiff's claims are barred, in whole or in part, by documentary evidence.

**THIRD ADDITIONAL DEFENSE**
**(Causation)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the result of acts or omissions of third parties and other parties to this litigation, including Plaintiff, over whom Mpower had neither control nor responsibility.

**FOURTH ADDITIONAL DEFENSE**
**(Proximate Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

**FIFTH ADDITIONAL DEFENSE**
**(Failure to Mitigate Damages)**

To the extent that Plaintiff was injured, Plaintiff's claims are barred or reduced by her failure to mitigate damages.

**SIXTH ADDITIONAL DEFENSE**
**(Setoff, Recoupment, Accord, and/or Satisfaction)**

Plaintiff's claims are barred in whole or in part by setoff, recoupment, accord, and/or satisfaction.

**SEVENTH ADDITIONAL DEFENSE**
**(Waiver, Release, Laches, Unclean Hands, Res Judicata, Estoppel, Economic Loss Doctrine, Arbitration)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, laches, unclean hands, res judicata, estoppel, Economic Loss Doctrine, and/or a mandatory arbitration agreement.

**EIGHTH ADDITIONAL DEFENSE**
**(Plaintiff's Own Conduct)**

Plaintiff cannot recover from Mpower to the extent that any damages that Plaintiff may have suffered, which Mpower continues to deny, directly and proximately resulted from Plaintiff's own acts and/or omissions.

**NINTH ADDITIONAL DEFENSE**
**(Bona Fide Error)**

Plaintiff's claims fail pursuant to 15 U.S.C. § 1640 (c) and any other applicable state or federal law to the extent that any violations, including but not limited to any alleged violation of TILA, which Mpower continues to deny, were not intentional and resulted from bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**TENTH ADDITIONAL DEFENSE**
**(Good Faith Compliance / No Willful Violation)**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Mpower acted in reasonably and in good faith and complied fully with all applicable laws including but not limited to the Truth in Lending Act, Fair Credit Reporting Act and Federal and State law.

**ELEVENTH ADDITIONAL DEFENSE**
**(Impermissible Recovery)**

Plaintiff cannot recover from Mpower for statutory damages on the grounds that any award of statutory damages would be impermissible under the Due Process Clause of the Fourteenth

Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**TWELFTH ADDITIONAL DEFENSE**
**(No Availability of Attorneys' Fees)**

Should Plaintiff prevail on any claim(s), Plaintiff cannot recover from Mpower for attorneys' fees due to the lack of any actual damages suffered by Plaintiff, conduct throughout and prior to this litigation, and the gross disparity between the allegations of harm and the size of the Plaintiff's claim for attorneys' fees.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Availability of Punitive Damages)**

Plaintiff's claims for punitive damages fail to the extent that the First Amended Complaint fails to state a claim for relief for exemplary or punitive damages. Additionally, Mpower states that while it does not believe Plaintiff has stated a claim for exemplary or punitive damages, even if Plaintiff proves an entitlement to any such exemplary or punitive damage award, Mpower is entitled to the affirmative defense that any such award must comport with the Due Process clause under the Constitution of the United States of America.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Permissible Purpose)**

Mpower did not obtain Plaintiff's consumer report; however, if it had done so, it was done for a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A) because the report was used in connection with a credit transaction involving the extension of credit to the consumer and/or

Mpower had a legitimate business need for the information pursuant to 15 U.S.C. § 1681b(a)(3)(F).

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(No Broad Impact on Consumers-At-Large)**

Plaintiff's claim under New York General Business Law § 349 is barred because the alleged acts or practices were not "consumer-oriented" but rather constitute a private contract dispute unique to the parties, having no broader impact on consumers at large

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Binding Arbitration)**

Plaintiff's claims, in whole or in part, are subject to a binding and enforceable arbitration agreement. In filing this Answer, Mpower does not waive its right to compel arbitration and does not withdraw Mpower's Motion to Compel Arbitration, as filed with the Court on November 21, 2024 [Doc. Nos. 60, 61, 66].

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Right to Additional Defenses)**

Mpower reserves the right to assert additional defenses and affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**WHEREFORE**, Defendant Mpower, requests judgment: (1) dismissing the First Amended Complaint with prejudice; (2) awarding Mpower its fees, costs and expenses incurred herein; and (3) awarding Mpower such other and further relief as the Court may deem just and proper.

April 1, 2026

Mpower Energy LLC

By: /s/*Roger McIntyre, Esq.*
Roger McIntyre, Esq. (*pro hac vice)*
Mpower Energy d/b/a Mpower Solar LLC
24 Hillel Pl.
Brooklyn, NY 11210
(877)286-7693
rogerm@mpowerenergy.com