**BROMBERG LAW OFFICE, P.C.**

Brian L. Bromberg (Admitted in NY, NJ & CA)

New York Office:
99 Main Street
Nyack, NY 10960
Phone: (212) 248-7906
Fax: (212) 248-7908

New Jersey Office:
295 Whiteman Street. #1
Fort Lee, NJ 07024

August 7, 2026

Via ECF
Hon. Edgardo Ramos
United States District Judge
40 Foley Square
New York, New York 10007

Re: *Segui v. Solar Mosaic, LLC, et al.*, No. 24-CV-00968 (ER)
Plaintiff's Letter-Motion to Set a Trial Date and Final Pretrial Schedule

Dear Judge Ramos:

My office, together with co-counsel, Andrew Milz, Esq., represents Plaintiff Ana Segui. We respectfully request that the Court set a firm trial date and a final pretrial schedule now, for the earliest date available following the case management conference scheduled for November 5, 2026. Doc. 123 ¶ 19. The parties appeared before Magistrate Judge Willis for a settlement conference on July 27, 2026, and the case did not settle. Doc. 130. Discovery closes on October 30, 2026. Doc. 123 ¶ 14. The case is on track to be trial-ready. Ms. Segui's advanced age and declining health auger for an early, firm trial date.

**1. Ms. Segui's health**

Ms. Segui turns 83 in September. Her health has deteriorated substantially over the two-year course of this litigation. She recently underwent the amputation of one of her legs and is now confined to a wheelchair. Counsel is prepared to submit medical documentation of her condition in camera or under seal at the Court's direction.

Ms. Segui is not only the plaintiff; she is the percipient witness to the solicitation and origination of the alleged transaction at the center of this case. She was deposed in 2024, but that deposition was taken during the period the Court limited to "the contract formation issue," and it predates Mosaic Funding X's appearance in this action. Plaintiff will consent to a further deposition, on reasonable accommodations for her condition, so that the record is complete as to all defendants. But a preserved deposition is not a substitute for a living plaintiff appearing before the jury that decides her case.

**2. The case has been pending since February 2024, and merits discovery began seven weeks ago**

Ms. Segui filed her complaint on February 8, 2024. Nearly two and a half years later, merits discovery is only just underway; it did not begin until the Court entered the Civil Case Discovery Plan and Scheduling Order on June 16, 2026. Doc. 123. The intervening period was consumed by three unsuccessful arbitration-related applications and by Solar Mosaic's bankruptcy:

- MPower moved to compel arbitration on November 21, 2024 (Doc. 57); the motion was denied on September 25, 2025 (Doc. 80).

- MPower separately moved to stay the entire action on the theory that Solar Mosaic's automatic stay extended to it, a non-debtor (Doc. 73); the Court rejected that position at the June 27, 2025 conference.

- Solar Mosaic moved to compel arbitration on November 21, 2024 (Doc. 60); the motion was placed off calendar during Solar Mosaic's bankruptcy (Doc. 79), renewed on October 21, 2025 (Doc. 83), and denied on June 5 and June 15, 2026 (Docs. 120, 121).

Ordinarily, plaintiff and her counsel would not challenge a party's right to seek to compel arbitration, but here, the alleged agreement to arbitrate was obviously phony, forged, hidden by a fake email address, and resulted in a year's delay. The point is simply that their cumulative effect has been to postpone the merits of this case for more than two years, and that the burden of that delay has fallen on an elderly plaintiff whose health has declined in the interim.

**3. The Court has already directed that this case be trial-ready by mid-December 2026**

In its June 2, 2026 endorsement, the Court directed the parties to confer and submit a proposed discovery plan "ensuring trial readiness within six months of the conference date." Doc. 119. The conference was held on June 16, 2026, and the schedule the Court adopted closes discovery on October 30, 2026—comfortably within that six-month window. Plaintiff asks only that the Court now fix the trial date.

**4. The default pretrial sequence would push trial well past that horizon**

Under the Court's Individual Practice 4.A, the joint pretrial statement is due within 30 days after the close of discovery, "or, if a dispositive motion has been filed, within 30 days after a decision on the motion." If any defendant seeks leave to move for summary judgment, the pretrial process will therefore not begin until that motion is fully briefed and decided. Plaintiff respectfully submits that the better course is to fix the trial date now and to run any summary judgment practice alongside the pretrial schedule rather than in place of it. Plaintiff's age and health demand an accelerated and firm schedule. In Ms. Segui's specific case, truly, *justice delayed is justice denied.*

The Court has ample authority to do so. *See* Fed. R. Civ. P. 16(b)(4), 40; Local Civ. R. 40.1 ("Judges have discretion to schedule trials in light of the needs of their dockets."); 28 U.S.C. § 1657(a) (courts "shall expedite the consideration of . . . any other action if good cause therefor is shown," which is shown where a right under a federal statute "would be maintained in a factual context that indicates that a request for expedited consideration has merit").

Accordingly, plaintiff respectfully requests that the Court:

(a) set a trial date now—or, at the latest, at the November 5, 2026 conference—for the earliest date available on the Court's calendar following that conference;

(b) schedule a final pretrial conference in advance of the trial date;

(c) order, pursuant to the "[u]nless otherwise ordered by the Court" provision of Individual Practice 4.A, that the joint pretrial statement be filed within 30 days after the October 30, 2026 close of discovery, notwithstanding the filing of any dispositive motion; and

(d) direct that any pre-motion letter seeking leave to move for summary judgment under Individual Practice 2.A.ii be filed no later than November 3, 2026, so that the request may be addressed at the November 5, 2026 conference.

We thank the Court for its attention to this matter.

Respectfully,
/s/ *Brian L. Bromberg*
Brian L. Bromberg

cc: All counsel of record (Via ECF)