Mpower

24 Hillel Place
Brooklyn, NY 11210
Phone: (718) 233-1167
Fax: (718) 307-6472
www.MPowerDirect.com

November 3, 2026

Hon. Edgardo Ramos, USDJ
United States District Court
For the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: Segui v. Solar Mosaic LLC, et al.,
Civil Action No. 1:24-cv-00968 (ER)

Dear Judge Ramos:

Pursuant to Section 2.A.ii of Your Honor's Individual Practices, Mpower Energy, LLC ("Mpower") respectfully requests a pre-motion conference before filing a motion for partial summary judgment on all of Plaintiff Ana Segui's claims asserted against Mpower; namely, her Fair Credit Reporting Act ("FCRA") claim (Count I) and fraud-based claims (Count III-V), and for partial summary judgment, or alternatively an *in limine* motion, to preclude punitive damages against Mpower. Mpower requests that the conference be scheduled at the Court's convenience, including at the November 5, 2026 conference if the Court prefers.

**1. Anticipated Motion Concerning Plaintiff's FCRA Claim (Count I)**

The evidence does not support an FCRA claim against Mpower. It is undisputed that Mpower did not obtain Plaintiff's consumer credit report, did not extend or service a loan to her, and did not furnish any late-payment or delinquency information to a consumer reporting agency. The consumer credit report, financing, and any credit reporting was attributable to Solar Mosaic. Mpower therefore intends to seek summary judgment because the record does not show that Mpower committed the conduct forming the basis of Plaintiff's FCRA claim.

**2. Anticipated Motion Concerning Plaintiff's Fraud-Based Claims - NY Gen. Bus. Law §§ 349 (Count III) and 770 *et seq.* (Count IV) and Common law fraud (Count V)**

Plaintiff's allegation of forgery is unsupported.[1] Plaintiff has repeatedly admitted that she signed Mpower's sales agreement to have solar panels installed on her roof. Plaintiff admitted this

[1] The unsupported "forgery" allegation has been alleged by Plaintiff's counsel in numerous carbon-copy complaints filed by Plaintiff's counsel in his boutique "solar fraud" law firm. The allegation is made despite the absence of any pre-filing investigation. Indeed, the same allegation was made repeatedly throughout a complaint against Mpower an Solar Mosaic in a related case filed in this Court and now proceeding in arbitration. *Manjarres v. Solar Mosaic LLC et al.*, Civil Action No. 24-CV-7714(AT). Despite the repeated forgery allegations, the plaintiffs therein consented to arbitration after acknowledging that they personally signed Mpower's sales contract and were provided with a copy of the signed contract. Plaintiffs' counsel is nonetheless continuing that action despite the obvious lack of merit.

during a recorded in-person meeting at her home and during her deposition. She also completed a recorded Solar Mosaic "Welcome Call" on the day of the sale during which she acknowledged that she was financing the purchase of a solar system for her home and acknowledged the monthly payment obligation, including finance charges. She also allowed the system to be installed on her roof. After requesting and receiving a copy of the sales agreement, she agreed to proceed with the solar system project and did not exercise her rescission right until months later.

The sales agent's creation of an email address for Plaintiff in her presence and with her permission, and his provision of access credentials to Plaintiff does not, without evidence of a false entry, withheld access, or deceptive use, establish fraud.

Taken together, the facts materially undermine any claim that Mpower's sales agent made a material misrepresentation or concealed the transaction, that Mrs. Segui justifiably relied on such conduct, or that it caused her claimed injury. It is indisputable that Mrs. Segui had the opportunity to review the Mpower contract and the Solar Mosaic loan agreement. That she may have chosen not to do so is not a defense.

Plaintiff's allegation that the signature on the Solar Mosaic loan agreement is not her handwriting is belied by the fact that the signature on the Solar Mosaic loan agreement is a Docusign signature rather than Plaintiff's handwritten signature.

Based on her testimony that she signed Mpower's contract, her admissions during the recorded Welcome Call and her admissions during the in-person meeting with Mpower employees, and her decision to proceed with the solar project until well after installation, Mpower respectfully submits that no reasonable juror could conclude that Mrs. Segui was defrauded.

Additionally, Plaintiff has also suffered no "out of pocket" damage, which is an essential element of a claim of fraud. Since before commencement and throughout this action, Mpower has offered to make Plaintiff whole. However, during her most recent deposition on October 27, 2026, Mrs. Segui testified that she was never informed of that offer.

**3. Punitive Damages**

Plaintiff's claim for punitive damages against Mpower under the FCRA falls with her claim for the reasons stated above.

New York law imposes a demanding standard for punitive damage where a fraud claim arises from a contractual relationship. Plaintiff must establish an independent tort, egregious conduct directed at her, and a pattern of similar conduct directed at the public generally. *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 315–16 (1995); *Rocanova v. Equitable Life Assurance Soc'y of U.S.*, 83 N.Y.2d 603, 613–14 (1994); *Walker v. Sheldon*, 10 N.Y.2d 401, 404–05 (1961). In a contract case, "punitive damages may be recoverable if necessary to vindicate a public right." *Hobish v. AXA Equitable Life Insurance Co.*, 43 N.Y.3d 442 (2025).

Mpower accordingly will seek an order precluding any award of punitive or other enhanced damages against Mpower as a matter of law.

Mpower requests a conference to address the anticipated motions and, if appropriate, a briefing schedule. Mpower is available to meet and confer promptly with Plaintiff's counsel and will address any opposition in accordance with the Individual Practices.

Respectfully submitted,

/s/
Roger McIntyre
Counsel for Defendant
Mpower Energy LLC